FILED
SUPERIOR COURT
OF GUAM

2020 OCT -6 AM 8: 52

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ODESSA MARTINEZ and ROQUE MARTINEZ,<br><br>                  Petitioners,<br><br>vs.<br><br>DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES<br><br>GOVERNMENT OF GUAM,<br><br>                  Respondents. | **Superior Court Case No. <u>SP0132-20</u>**<br><br>**DECISION AND ORDER** |

Upon the conclusion of the evidentiary hearing on September 19, 2020, the Court issued a ruling from the bench in favor of Petitioners Odessa Martinez and Roque Martinez. The Court found that Respondent Department of Public Health and Social Services (DPHSS) failed to comply with Guam law when it restricted their entry into Guam and placed them into quarantine at a government facility. This Decision and Order memorializes the Court's ruling.

## I.    PROCEDURAL BACKGROUND

On September 17, 2020, the Martinezes petitioned for a writ of habeas corpus, pursuant to 48 USCA § 1421b(e), 8 G.C.A. § 135.10, and 7 G.C.A. § 20301. From September 17 to 19, 2020, the Court heard testimony from DPHSS Director Arthur San Agustin, DPHSS COVID-19 Containment/Isolation Lead, Chima Mbakwem, and the Martinezes. The Court consolidated the

ORIGINAL

evidentiary hearing in this case with other matters involving DPHSS' quarantine and DPHSS

Guidance Memo 2020-11 Rev7 ("Rev7").[1]

## II.    FINDINGS OF FACT

The Court makes the following findings of fact by a preponderance of the evidence:

1.  On September 9, Roque Martinez departed Guam for Las Vegas, Nevada. The following

    day, his mother, Odessa, also traveled from Guam to Nevada. Exs. AA-BB.

2.  On September 11, the Martinezes received negative Real-Time PCR Covid-19 test

    results. Exs. U-V.

3.  On September 13, the Martinezes departed Las Vegas for Guam and arrived on Guam the

    next day. Exs. AA-BB.

4.   Upon arrival, DPHSS provided the Martinezes with a Voluntary Quarantine Order and

    Voluntary Quarantine Letters. Exs. Q, R.

5.  On the letter, Odessa Martinez wrote her home address as the intended place of

    quarantine; however, DPHSS crossed off her home address and changed it to the Dusit

    Thani. Ex. R.

6.  Odessa Martinez testified that she objected to quarantine in a government facility and that

    DPHSS did not explain that they could refuse to sign and if so, what the procedures

    would be in the alternative.

7.  Respondents transported the Marinezes to the Dusit Thani, a government quarantine

    facility, for a 14-day quarantine.

---

[1] SP0129-20; SP0130-20; and SP0131-20.

ORIGINAL

8. A day after they began their quarantine, the Martinezes received temporary directives stating that their quarantine was necessary. Exs. S-T.

## III.    LAW AND DISCUSSION

In their Petition, the Martinezes argued that Respondents failed to undertake quarantine in strict compliance with 10 G.C.A. 19605(a) or (b) and, for that reason, their continued quarantine in a government facility is extralegal and therefore void. At the hearing, the Martinezes also argued that they are exempted from quarantine because they fall outside the scope of Section 3333, Article 3, Chapter 3, Title 1--the law cited by the governor as authorizing the order restricting entry into Guam. As the Martinezes entered Guam on September 14, the Court analyzes the legality of their quarantine pursuant to Executive Order ("EO") 2020-29.[2]

Under EO 2020-29, the Governor mandated the quarantine of all incoming travelers:

> *Pursuant to Section 3333*, Article 3, Chapter 3, Title 10, Guam Code Annotated, all persons entering Guam shall be subject to quarantine pursuant to this Section and Section 19604 and 19605 of Article 6, Chapter 19, Title 10, Guam Code Annotated. Such quarantine will be administered in accordance with applicable DPHSS Guidance, which shall include quarantine in a government qualified facility.

(Emphasis added.) Section 3333 outlines the class of incoming travelers for whom the Governor may restrict entry:

> . . .those individuals who have been in the affected jurisdiction for more than one (1) week and do not possess a recognized and certified document that attests that they have been tested for the specific disease and determined not to be infected. The date of the test must not be more than one (1) week from the date of their entry into Guam.

---

[2] As extended by EO 2020-30 on September 2, 2020; EO 2020-31 on September 11, 2020; and, while after the Martinez returned, EO 2020-32 on September 17.



The plain language of the statute permits the Governor to restrict the entry of those travelers who have been in the affected jurisdiction for more than one week and do not possess a recognized and certified document attesting that they are not infected with COVID-19. Exhibits AA and BB, the Martinezes' itineraries, establish that they departed from Guam for Las Vegas, remained in Las Vegas for less than one week, and returned directly to Guam. Furthermore, the Martinezes submitted to the Court certified negative COVID-19 test results taken less than 1 week before re-entering Guam. Finally, since DPHSS recognizes a negative Real-Time PCR Covid-19 test as sufficient proof of negative test result in other contexts, the court is satisfied that the Martinezes test is a recognized document. *See, e.g.*, DPHSS Guidance Memo, 2020-11 Rev7 (Sept. 7, 2020) at 4-5 (under section D, the critical service worker exemption recognizes a Real-Time PCR Covid-19 test as acceptable). Based on the facts presented, the Martinezes fall outside the scope of who may be restricted entry into Guam.

While other provisions also govern quarantine--specifically, Title 10, Article 6, Chapter 19 of the Guam Code Annotated--the Executive Order invoked section 3333 in declaring incoming travelers' restriction of entry into Guam. This Court must apply and give effect to all relevant provisions, including section 3333, in determining which persons may be restricted entry. Since section 3333 carves out persons who have left the jurisdiction for less than a week and hold acceptable negative tests, the Court applies that law as stated. Moreover, because DPHSS did not secure the voluntary consent of the Martinezes,[3] and did not comply with the provisions of issuing a timely directive or petitioning the Court under 10 GCA § 19605(b), DPHSS may not avail of the quarantine procedures under that Chapter.

---

[3] The Court incorporates its rulings in SP0127-20 on the issue of voluntary quarantine.



## IV.    CONCLUSION AND ORDER

The Martinezes stipulated that they both agree to quarantine at home for the remainder of their 14-day quarantine. Accordingly, DPHSS is ORDERED to transfer Odessa Martinez and Roque Martinez to home quarantine as it violated Section 3333, Article 3, Chapter 3, Title 1 in mandating the quarantine and restricting the entry of the Martinezes.

SO ORDERED this 6th day of October 2020 nunc pro tunc to 18 September 2020.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Jacqueline Taitano Terlaje, Esq., for Petitioners Odessa and Roque Martinez
Assistant Attorneys General Sandra Miller, Joseph A. Perez, and Janice M. Camacho for
       Respondent Department of Public Health and Social Services